IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL STOUT, WENDY BARTLETT, KENT CHATAGNIER, JAMES EATON, JOHN DAVID PROFFITT, DONNIE RAY, and RONALD STOUT, <br><br> Plaintiffs, <br> v. <br><br> SMITHFIELD BIOENERGY, LLC, and MARK FARRER, individually, <br><br> Defendants. | No. 3:10-CV-1185-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand [Docket Entry #9]. For the reasons stated below, the Motion is **GRANTED**.

### Background and Procedural History

Plaintiffs are seven Texas residents who are former employees of Defendant Smithfield BioEnergy, LLC. In anticipation of the pending sale of Smithfield to Beacon Energy Corp., Mark Farrer, Smithfield's General Manager, sent a memorandum to Smithfield's employees informing them of the sale. The memorandum referenced a post-sale severance package for Smithfield employees and encouraged them to stay productive. By May 10, 2010, Beacon Energy had terminated all of the Plaintiffs. None received a severance package.

Plaintiffs filed suit in state court against Smithfield and Farrer, alleging breach of contract, quantum meruit, and fraud in the inducement. Defendants timely removed the case to federal court, claiming diversity of citizenship under 28 U.S.C. § 1332(a), arguing that Farrer, a

resident of Texas, was fraudulently joined. Plaintiffs challenge the propriety of removal in their Motion to Remand.

## Legal Standard

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(b) (2006). Congress has given federal district courts subject matter jurisdiction over civil matters where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. 28 U.S.C. § 1332(a) (2006). Removal jurisdiction is strictly construed because it implicates important federalism concerns. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts are to be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

## Analysis

Plaintiffs raise two arguments in support of remand: first, that diversity of citizenship does not exist, either because Defendants have not produced evidence that none of Smithfield's LLC members are from Texas, or because joinder of Farrer was proper; and second, that the requisite amount in controversy is not satisfied. Because the Court finds that Defendants have failed to prove the amount in controversy requirement has been met, it does not address Plaintiffs' other arguments.

A.  Aggregation of Separate Plaintiffs' Claims

This case contains more than one plaintiff; thus it is necessary to resolve the initial issue of whether Plaintiffs' claims can be aggregated to reach the $75,000 jurisdictional minimum.

Neither Defendants nor Plaintiffs raised the issue of aggregation in their brief, and the arguments of both assumed Plaintiffs' claims would be aggregated. The Court, however, must raise the issue sua sponte because it directly impacts whether subject matter jurisdiction is present. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

When multiple plaintiffs have "separate and distinct" claims, those claims may not be aggregated to satisfy the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973) (other citations omitted)); *accord Wald v. Allmerica Fin. Life Ins. & Annuity Co.*, No. 3:01-cv-0448-G, 2001 WL 912380, at *3 (N.D. Tex. Aug. 9, 2001) (Fish, J.). Aggregating claims is only permitted where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Allen*, 63 F.3d at 1330. "Plaintiffs have a common and undivided interest if their claims arise from the same source and they have one right of recovery." *Wald*, 2001 WL 912380, at *3 (citing *Allen*, 63 F.3d at 1331).

Claims arising from alleged employment contracts are separate and distinct because each plaintiff is suing on his own contract, and, therefore, such claims may not be aggregated to satisfy the amount in controversy requirement. *More v. Intelcom Support Servs., Inc.*, 960 F.2d 466, 472–73 (5th Cir. 1992); *see Holt v. Lockheed Support Sys., Inc.*, 835 F. Supp. 325, 328 (W.D. La. 1993) (declining to aggregate former employees' claims for wages and benefits due).[1] Likewise, punitive damages claims may not be aggregated. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). However, only one plaintiff's claims must satisfy the amount in controversy requirement in order to confer original jurisdiction

---

[1] *See also Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir. 1990) (unpaid wages); *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1077 (7th Cir. 1986) (bonuses), *abrogated on other grounds by Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998); *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) (pension benefits); *Craig v. Cong. Sportswear*, 645 F. Supp. 162, 164 (D. Me. 1986) (severance pay).

over the claims of all plaintiffs in the case. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("[W]here the other elements of jurisdiction are present and *at least one named plaintiff* in the action satisfies the amount-in-controversy requirement, [28 U.S.C. ]§ 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs . . . even if those claims are for less than the jurisdictional amount . . . ." (emphasis added)).

Here, Plaintiffs allege damages stemming from Defendants' failure to provide severance packages that were alluded to in Farrer's letter. (Pls.' Original Pet. 3–4, Notice of Removal Ex. C.) Such claims are separate and distinct because they arise out of an alleged contract each individual employee claims to have had with Smithfield. Plaintiffs do not have one shared right of recovery; each Plaintiff's recovery is independent of the rest, and the presence of any one of them is not necessary to the claims of any other. *See Holt v. Lockheed Support Sys., Inc.*, 835 F. Supp. 325, 329 (W.D. La. 1993). Likewise, Plaintiffs' claims for quantum meruit and fraudulent inducement are separate and distinct because the common law obligations these claims seek to vindicate are owed to each Plaintiff individually, not to the group collectively. Thus, Plaintiffs' claims cannot be aggregated to reach the minimum jurisdictional amount. Therefore, the Court must determine whether the claims of at least one Plaintiff meet the minimal jurisdictional amount required to confer subject matter jurisdiction over the case.

B.     Plaintiffs' Individual Claims

Ordinarily, a federal court determines the amount in controversy by looking at the amount claimed in the state court petition. *Beasley v. Liberty Ins. Corp.*, No. 3:10-cv-631-M, WL 2010 2697151, at *1  (N.D. Tex. July 7, 2010) (Lynn, J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)). However, Texas prohibits plaintiffs from specifying the dollar amount of their damages. Tex. R. Civ. P. 47(b); *Beasley*, 2010 WL

2697151, at *1. When the petition does not state the dollar amount of damages sought, the defendant must prove by a preponderance of the evidence that the damages claimed exceed $75,000. *Wofford v. Allstate Ins. Co.*, No. 3:04-cv-2699-M, 2005 WL 755761, at *1 (N.D. Tex. Apr. 4, 2005) (Lynn, J.) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995)).

A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways. First, it may show that it is "facially apparent" that the amount in controversy exceeds $75,000, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount. *Beasley*, 2010 WL 2697151, at *2 (citing *De Aguilar*, 47 F.3d at 1411). Second, if the amount in controversy is not facially apparent, the defendant may produce summary-judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum. *Id.* (citing *De Aguilar*, 47 F.3d at 1411).

In determining the amount in controversy, the Court considers items for which the defendant can be liable under state law, including attorneys' fees, penalties, statutory damages, and punitive damages. *Wofford*, 2005 WL 755761, at *2 (citing *St. Paul Reinsurance*, 134 F.3d at 1253). Here, Plaintiffs allege claims for breach of contract, quantum meruit, and fraud in the inducement. For breach of contract, Plaintiffs seek economic damages for injuries caused by the breach. On their quantum meruit claims, Plaintiffs allege they suffered damages by remaining in Smithfield's employ and not seeking other employment opportunities, in reliance on the promised severance packages, as well as damages from Defendants' use of the money owed to Plaintiffs. Finally, on their fraudulent inducement claims, Plaintiffs seek reliance damages similar to those alleged in connection with their quantum meruit claim, and allege that

Defendants' representations were made intentionally and with malice so as to entitle Plaintiffs to exemplary damages. Plaintiffs seek attorneys' fees in connection with each of their claims.

Defendants argue that "it is apparent from Plaintiffs' Petition" that Plaintiffs' claims exceed $75,000. However, Defendants' contentions are based on the aggregation of Plaintiffs' claims, and Defendants make no arguments concerning the claims of any one individual. Plaintiffs' Petition is devoid of allegations concerning the amount of any damages sought. Thus, it is not facially apparent from Plaintiffs' Petition that the amount in controversy exceeds $75,000.

The Court next turns to summary judgment type proof regarding the amount in controversy. The only document in the record that is useful in determining the amount in controversy is the December 15, 2009 demand letter sent on behalf of all the Plaintiffs except Kent Chatagnier. (Demand Letter, Notice of Removal Ex. E.) The demand letter sought three months pay for each Plaintiff, which is the alleged value of the promised severance packages, $1200 per person as a stipend for continued and future schooling and certifications, and attorneys' fees generated as of the date of the letter. The greatest amount requested was $12,450.00, which is three months pay for Plaintiff Wendy Bartlett plus reasonable attorneys' fees and the $1200 stipend.[2] Thus, any finding that the claims of one of the individual Plaintiffs exceed $75,000 must rely on an award of punitive damages in excess of $62,550—over five times the amount of compensatory damages.

The Fifth Circuit and this Court have considered claims for punitive damages to determine whether the amount in controversy requirement was satisfied. *See Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *vacated on other grounds*, 544 U.S. 431 (2005);

---

[2] The amounts requested for the remaining plaintiffs are as follows: Michael Stout, $11,088; Ronald Stout, $11,088; Donnie Mac Ray III, $6,897.60; James Eaton, $10,843.20; John David Proffitt, $10,800. (*See* Demand Letter 2.)

*H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 329 (5th Cir. 2000); *Wofford v. Allstate Insurance Co.*, No. 3:04-cv-2699-M, 2005 WL 755761, at *2 (N.D. Tex. Apr. 4, 2005) (Lynn, J.). For example, in *Dow Agrosciences LLC v. Bates*, the Fifth Circuit affirmed a district court's determination that it had subject matter jurisdiction where the demand letter of three plaintiffs sought actual damages in the amounts of $37,992.50; $33,227.50; and $18,242.50, respectively, plus $10,000 in attorneys' fees for each plaintiff. *Dow Agrosciences*, 332 F.3d at 326. The court held that the actual damages and attorneys' fees claimed in the demand letter, along with the allowed recovery of additional attorneys' fees and treble damages under the Texas Deceptive Trade Practices Act ("DTPA") were enough for each plaintiff to meet the threshold amount of $75,000. *Id.*

Similarly, this Court denied a plaintiff's motion to remand in *Wofford v. Allstate Insurance Co.* based on the availability of punitive damages. *Wofford*, 2005 WL 755761, at *2. The plaintiff in *Wofford* sought damages in the amount of $35,594, as well as statutory penalties under the Texas Insurance Code and the DTPA. *Id.* Noting that the DTPA allowed the trier of fact to award treble damages, this Court held that the damages sought exceeded the jurisdictional minimum, and denied the motion to remand. *Id.*

Conversely, in *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, the Fifth Circuit held that a district court did not have subject matter jurisdiction where the petition alleged that actual damages would not exceed $30,000, and the plaintiffs sought an unspecified amount of punitive damages. *H&D Tire*, 227 F.3d at 329. The Fifth Circuit referenced affidavits attached to the plaintiffs' response to a motion for summary judgment that said the greatest amount of actual damages any single plaintiff claimed was $990, and determined that any punitive damages recovered would have to be at least 50 times the actual damages to meet

the then minimum jurisdictional amount of $50,000. *Id.* at 329–30. The court held that there was "no evidence of conduct by [the defendant] that would support punitive damages awards" at that level.

Applied to the facts here, these cases lead the Court to conclude that Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. In order for Wendy Bartlett—the Plaintiff who claims $12,450.00 in compensatory damages, the greatest amount sought by any Plaintiff—to be awarded damages above the jurisdictional minimum, she must be awarded punitive damages equal to more than five times her compensatory damages. Unlike the plaintiffs in *Dow* and *Wofford*, Plaintiffs here do not seek treble damages under the DTPA. Rather, they seek unspecified amounts of punitive damages for fraudulent and malicious conduct in inducing them to remain in Smithfield's employ pending the sale of Smithfield to Beacon Energy. As in *H&D Tire*, Defendants have not shown any evidence of conduct that would entitle any of the Plaintiffs to a punitive damages award in excess of five times compensatory damages.

Furthermore, it is Defendants' affirmative burden to produce information and evidence sufficient to demonstrate the requisite jurisdictional amount. Yet all Defendants' arguments rely on the faulty premise that Plaintiffs' claims may be aggregated, and Defendants have provided no argument as to the damages of any individual Plaintiff. Resolving all doubts against removal, as the Court must, the Court holds that Defendants have failed to satisfy their burden of showing that the amount in controversy requirement for diversity jurisdiction has been met.

*Conclusion*

Since diversity jurisdiction is not present, Plaintiffs' Motion to Remand is **GRANTED.**

**SO ORDERED**.

December 30, 2010.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**